IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLOTTE R. WEISS,**

    **Plaintiff,**

    -vs-                                      No. CIV 02-318 LH/LCS

**CITY OF LAS CRUCES,**
**PUBLIC HOUSING AUTHORITY,**
**DIRECTOR JACK WINGARD, AND**
**PAUL BAZAN, PROPERTY MANAGER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Strike, or in the Alternative, for a More Definite Statement and Memorandum in Support Thereof, filed April 19, 2002 (Docket No. 10), and Defendant City of Las Cruces's Motion to Dismiss the City of Las Cruces as a Defendant for Failure to State a Claim Upon Which Relief can be Granted, filed April 19, 2002 (Docket No. 8). In reviewing a *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court, having considered these materials, concludes that Defendants' motions shall be denied.

**I. Standard for Motion to Dismiss**

Granting a motion to dismiss is a harsh remedy that must be cautiously studied, not only to

1

effectuate the spirit of the liberal rules of pleading, but also to protect the interest of justice. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). In ruling on a motion to dismiss, the Court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the Court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998).

## II. MOTION TO DISMISS THE CITY OF LAS CRUCES AS A DEFENDANT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Defendant City of Las Cruces ("the City") claims in its motion to dismiss that "[B]ecause the City of Las Cruces and the Housing Authority of the City of Las Cruces are separate and distinct entities, and all actions about which Plaintiff seems to complain were committed by the Housing Authority, Plaintiff has presented no claim upon which she may gain relief from the City of Las Cruces."

The City claims in its motion to dismiss "that [Plaintiff] believes that the City of Las Cruces and the Public Housing Authority of the City of Las Cruces are somehow related." They are somehow related. The City passed an ordinance whereby the "city council delegates to the municipal housing authority all powers conferred upon the city by the municipal housing law." Las Cruces Municipal Code § 2-649. Section 2-648 states that the "municipal housing authority shall conduct the business and operation of the municipal housing project and. . . shall exercise the power to

construct, maintain, operate and manage any housing project of the city."

The City cites the Court to no statute or case law that supports the proposition that a city can delegate authority to a political subdivision and, thus, shield itself from liability resulting from actions of that political subdivision. Therefore, the Motion to Dismiss the City of Las Cruces as a Defendant will be denied.

### III. MOTION TO STRIKE, FOR A MORE DEFINITE STATEMENT AND MEMORANDUM IN SUPPORT THEREOF

I conclude that Plaintiff's complaint sufficiently alleges that her denial of housing by the Public Housing Authority of Las Cruces and its employees violated the United States Constitution and 42 U.S.C. § 1983. Plaintiff's Complaint alleges that "defendants refused housing to the plaintiff. . . violating and ignoring the US CONSTITUTION. . . that sex, religion, or handicap. . . are not reasons to refuse housing." (Complaint ¶ 7). Additionally, Plaintiff attached a form to her Complaint invoking jurisdiction pursuant to 42 U.S.C. § 1983.

This complaint, taken as a whole, narrowly meets the requirement under Federal Rule of Civil Procedure 8 (a)(2) that a complaint include only a short and plain statement of the claim showing that the pleader is entitled to relief. The Supreme Court in *Leatherman v. Tarrent County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) explained that Rule 8(a)(2) means what it says it means that:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests.

The Court also held that a federal court may not apply "a 'heightened pleading standard' --

3

more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)-- in civil rights cases alleging municipal liability under § 1983." *Id.* at 164.

This Court finds that Defendants were put sufficiently on notice with regards to Plaintiff's 42 U.S.C. § 1983 claim and the grounds upon which it rests. Plaintiff's 42 U.S.C. § 1983 claim will be allowed to proceed.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike, or in the Alternative, for a More Definite Statement and Memorandum in Support Thereof (Docket No. 10) and Defendant City of Las Cruces's Motion to Dismiss the City of Las Cruces as a Defendant for Failure to State a Claim Upon Which Relief can be Granted (Docket No. 8) will be **denied**.

_____
UNITED STATES DISTRICT JUDGE